# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DANTE G FREDRICK, | :<br>:<br>: |
| Plaintiff | :<br>: NO. 5:17-cv-00141-MTT-CHW |
| VS. | :<br>: |
| CRYSTAL CARTER, *et. al.*, | :<br>: |
| Defendants | : |

## ORDER

*Pro* se Plaintiff Dante G Fredrick, currently incarcerated in Macon State Prison, submitted a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff brings his complaint against Cyrstal Carter and Debra M. Ayala, deputy clerks for the Superior Court of Macon County. Plaintiff seeks to proceed in this action without the prepayment of filing fees (ECF No. 2) and filed a "Motion for Consent to Magistrate Judge to Handle all Pleadings." ECF No. 3.

The Court has now reviewed the complaint and all other submissions and finds that Plaintiff may not proceed in this action without first prepaying the full $400.00 filing fee, as at least three of his prior federal lawsuits were dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under 28 U.S.C. § 1915(g). Plaintiff's motion to proceed *in forma pauperis* is **DENIED,** and this action is **DISMISSED without prejudice**.

I.  **Discussion**

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited and leave may not be granted unless the prisoner shows an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim. *See Fredrick v. Williams*, 6:16-cv-73 (S.D. Ga. Aug. 24, 2016); *Fredrick v. Glynn Co. State Court*, 2:16-cv-74 (S.D. Ga. July 19, 2016); *Fredrick v. Scarlett*, 2:15-cv-135 (S.D. Ga. Dec. 9, 2015); *Fredrick v. Danforth*, 3:14-cv-162 (S.D. Ga. April 27, 2015). Moreover, the Eleventh Circuit has previously determined that the "three strikes" provision of § 1915(g) applies to Plaintiff. *Fredrick v. Glynn Count State Court*, No. 16-15120 (11th

Cir. docketed July 25, 2016); *Fredrick v. Macon SP Warden*, No. 17-11624 (11th Cir. docketed April 10, 2017).

Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193. To satisfy this provision a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Plaintiff has not alleged imminent danger, and an independent review of his complaint establishes that his allegations do not implicate a physical injury, much less one that is both imminent and serious.

## II. Conclusion

Because Plaintiff has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* **DENIED**. Once a plaintiff is denied *in forma pauperis* status, he cannot simply pay the filing fee and proceed with his complaint. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, Plaintiff's complaint is **DISMISSED without prejudice**. *Id*. (the proper procedure is to dismiss the complaint without prejudice). The clerk is **DIRECTED** to terminate all remaining motions as **MOOT**.

**SO ORDERED**, this 12th day of May, 2017.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT